IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHANNON MANIFOLD                                                        PLAINTIFF

vs.                                                    CASE NO.: _____

NATIONWIDE SURPLUS, LLC                                                 DEFENDANT

---

### VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, Shannon Manifold, (hereinafter referred to as "Plaintiff") by and through counsel of record, and files this Complaint against his former employer, NATIONWIDE SURPLUS, LLC (hereinafter "Nationwide" or "Defendant"), for unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and in support thereof states as follows:

### NATURE OF SUIT

1.  Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being.

*Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant unpaid minimum wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff, Shannon Manifold, was employed as an online sales manager by Defendant and performed related activities for Defendant in Tennessee.

9. Defendant, Nationwide, is a limited liability company that operates and conducts business in Tennessee. It is located at 670 S. 4th Street Memphis, TN 38126.

## COVERAGE

10. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto, Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

12. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all material times hereto, Nationwide was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

16. At all material times hereto, Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

17. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d.  Communicated across state lines; and/or

    e.  Performed work essential to any of the preceding activities.

  18.  At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

  19.  At all material times hereto, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which he was not paid proper overtime compensation for hours worked over forty (40) within a workweek or paid at least the minimum wage for all hours worked within any given workweek.

  20.  Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

  21.  Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

### FACTUAL ALLEGATIONS

  22.  Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

  23.  Defendant owns and operates a computer and technology company in Memphis, Tennessee.

  24.  Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

  25.  Plaintiff worked as an online sales manager for Defendant.

26. Plaintiff worked for Defendant from approximately January 1, 2016 until December 20, 2016.

27. Plaintiff's hourly rate of pay was $14.00 per hour during his employment with Defendant.

28. During his employment with Defendant, Plaintiff performed work without compensation; therefore, he was not paid at least full minimum wage for all hours worked during one (1) or more workweeks. Specifically, Plaintiff's employer would bring him to work an hour before his scheduled start time and expect him to work off the clock until his regular work day began. He was not paid at all, much less minimum wage, for those hours worked off the clock.

29. At all times relevant to this action, Defendant has failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiff was properly paid his complete wages.

30. During his employment with Defendant, Plaintiff was not paid his complete wages for one (1) or more workweeks.

31. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

32. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and proper overtime compensation with respect to Plaintiff.

33. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

34. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

37. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during his employment with Defendant.

38. During his employment with Defendant, Plaintiff worked multiple hours without compensation, and was therefore not paid at least full minimum wage for all hours worked during one or more workweeks.

39. Specifically, Plaintiff worked off the clock an hour before he was actually scheduled to begin work. He was not paid at all for those hours.

40. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant have refused and/or failed to compensate his for the same. As a result of Defendant' actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of his employment with Defendant.

41. Defendant willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

42. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

43. Plaintiff demands a trial by jury.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION

44. Plaintiff readopts and reincorporates paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

45. At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of time and one-half times Plaintiff's regular rate of pay.

46. Plaintiff was, and is, entitled to be paid at the statutory rate of time and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

47. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

48. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

49. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

51. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

52. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect

to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one-half for their overtime hours.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff minimum wage back pay;

    b. Awarding Plaintiff over time compensation;

    c. Awarding Plaintiff liquidated damages in an amount equal to the both the minimum wage and overtime award;

    d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 29st day of August, 2017.

    Respectfully submitted,
    SHANNON MANIFOLD, PLAINTIFF


    */s/ Christopher W. Espy*
    CHRISTOPHER W. ESPY, ESQ.
    Christopher W. Espy, Esq. (MSB#: 102424)
    MORGAN & MORGAN, PLLC
    4450 Old Canton Road, Suite 200
    Jackson, Tennessee 39211
    Phone:601-718-2087
    Fax:   601-718-2102
    Email: cespy@forthepeople.com

    *Attorney for Plaintiff*

STATE OF TENNESSEE

COUNTY OF Shelby

I, Shannon Manifold, declare under penalty of perjury, pursuant to 29 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Date: 8-10-17

_____
Shannon Manifold, Plaintiff